UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SUSAN MAY FARLEY,

                **Plaintiff,**

v.                                              5:10-CV-536
                                                   (TJM/ATB)

COMMISSIONER OF SOCIAL SECURITY,

                **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

This action brought pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), 1383(c)(3), was referred by this Court to the Hon. Andrew T. Baxter, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(d).  Magistrate Judge Baxter's Report-Recommendation dated April 23, 2010 recommends that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) "for a proper determination of plaintiff's residual functional capacity and a proper consideration of plaintiff's credibility."  See Rep.-Rec., p. 29 [dkt. # 14].  Defendant has filed objections to the Report-Recommendation, arguing that the Administrative Law Judge ("ALJ") properly determined Plaintiff's residual functional capacity ("RFC") and properly assessed Plaintiff's credibility.

## II.   STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C).  Portions of the Report and Recommendation to which no objections are lodged are reviewed for clear error or manifest injustice.  After this review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

With regard to Plaintiff's residual functional capacity ("RFC"), there was conflicting evidence presented at the hearing as to Plaintiff's ability to perform light or sedentary work.  Indeed, as Defendant points out in its appellate brief, Dr. Shayevitz's[1] clinical findings supported the ALJ's RFC determination, Tr. 213,[2] but his medical opinion was that Plaintiff experienced marked and moderate limitations. Tr. 214.  The ALJ failed to fully address this inconsistency, and the ALJ made ambiguous reference to the "State Agency's expert medical doctors and other expert consultants who determined that

---

[1] Dr. Shayevitz examined Plaintiff at the Commissioner's request on May 22, 2007. Tr. 211-15.

[2] During his examination, Dr. Shayevitz noted that Plaintiff walked with a normal gait. Tr. 213. Plaintiff could walk on her heels and toes without difficulty. Id. She used no assistive devices and required no assistance changing for the examination or getting on and off the examination table. Id. Plaintiff rose from a chair without difficulty. Tr. 213. Plaintiff had full strength in her left arm (5/5) and full strength without resistance in the right arm (3.5/5). Id. She retained full range of motion in the upper and lower extremities, including both shoulders. Tr. 213. Straight leg raising test was negative. Id.

Plaintiff could perform light work." Furthermore, as discussed below, the ALJ summarily discounted Plaintiff's complaints of on-going debilitating pain in determining that she was not disabled from employment. The Court finds Magistrate Judge Baxter properly concluded that "[t]he ALJ simply did not perform a function-by-function analysis, and the analysis that he did perform was not supported by substantial evidence." Rep-Rec., p. 26. A remand is required to resolve this issue.

     Moreover, for the reasons discussed at pages 27-29 of the Report-Recommendation, the Court agrees with Magistrate Judge Baxter's conclusion that the ALJ did not properly assess Plaintiff's credibility regarding her subjective complaints of pain. Where a claimant alleges symptoms of a greater severity of impairment than can be shown by objective medical evidence, other evidence should be considered, including claimant's daily activities and the medications, methods and treatments used to alleviate her symptoms. See 20 C.F.R. § 404(c)(3). While facts and circumstances may exist which support the ALJ's determination to discount Plaintiff's complaints, see Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979)("The ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant."); Aponte v. Secretary, Dep't of Health & Human Services, 728 F.2d 588, 591 (2d Cir. 1984)(If the ALJ's credibility findings "are supported by substantial evidence, the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain."), they were not fully

articulated. See Rep.-Rec., pp. 28;[3] 28-29.[4]   Therefore, the matter must be remanded to address this issue as well.

## IV.    CONCLUSION

For the reasons discussed above, the Court **ADOPTS** Magistrate Judge Baxter's Report-Recommendation.  The Commissioner's decision is **REVERSED**, and this case is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for a proper determination of Plaintiff's residual functional capacity and a proper consideration of plaintiff's credibility.

**IT IS SO ORDERED**

**Dated:** September 12, 2011

---

[3] Magistrate Judge Baxter wrote:

> In this case, the ALJ found that plaintiff was not credible because it would not be reasonable to "conclude that the minimal findings could be the basis for the degree of pain alleged by her." (T. 14).  None of the doctors indicated that they believed plaintiff was exaggerating her pain. Plaintiff underwent several nerve blocks in an attempt to relieve her neck and lower back pain.  Plaintiff did testify that she could only lift up to three pounds.  While this may be an exaggeration, there is no indication that plaintiff does not suffer pain that would prevent her from performing light or sedentary work.

Rep.-Rec., p. 28.

[4] Magistrate judge Baxter also wrote:

> The ALJ also found that plaintiff's poor work history did not bolster her testimony. Id.  While it is true that poor work history may be considered in rejecting plaintiff's credibility, the only basis for the ALJ's statement that plaintiff had a poor work history was the fact that she did not work between 1992 and 1998.  However, the ALJ never asked plaintiff why she did not work during this period of time.  He asked plaintiff about her former employment, but never asked the reason for the gap in employment, and apparently made an assumption that she did not work because she did not wish to work.

Rep.-Rec., p. 28 (footnotes omitted).

_____
Thomas J. McAvoy
Senior, U.S. District Judge